**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **LARRY PHILLIPS, on behalf of himself and others similarly situated,** ) | Case No. |
| ) | |
| ) | Judge |
| Plaintiff, ) | |
| ) | **CLASS AND COLLECTIVE ACTION** |
| **v.** ) | **COMPLAINT** |
| ) | |
| **CHURCH & DWIGHT CO., INC.,** ) | **JURY DEMAND INCLUDED HEREON** |
| ) | |
| Defendant. ) | |

Plaintiff Larry Phillips ("Representative Plaintiff") for his Complaint against Defendant Church & Dwight Co., Inc., alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, and the Ohio semi-monthly payment of wages statute Ohio Revised Code § 4113.15.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually related claims under Ohio's wage payment statutes (the "Ohio Class").

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b). The events or omissions giving rise to Representative Plaintiff's claims occurred in this judicial District and Division.

## PARTIES

7.      Representative Plaintiff is a resident of Ohio who was employed by Defendant as a Material Handler from approximately June 2021 to October 2022.

8.      At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, and the Ohio semi-monthly payment of wages statute, Ohio Revised Code § 4113.15.

9.      At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 and Ohio Revised Code § 4113.15.

10.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.     At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.     Representative Plaintiff's written consent to join this action is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

13.     At all relevant times, Representative Plaintiff and other similarly situated employees were employed by Defendant as hourly, non-exempt employees and were routinely required to work more than 40 hours per workweek.

14.     Representative Plaintiff and all other similarly situated employees were required report to work approximately seven minutes before their scheduled shift start time for a mandatory pre-shift meeting.

15.     Representative Plaintiff and all other similarly situated employees were not paid for at least seven minutes of the pre-shift meeting.

16.     Representative Plaintiff and all other similarly situated employees were required to attend the pre-shift meeting without pay at Defendant's specific direction.

17.     The pre-shift meeting was part of Representative Plaintiff and all other similarly situated employees' regular workday and occurred during hours prescribed by Defendant.

18.     The pre-shift meeting required by Defendant was an intrinsic element of Representative Plaintiff and similarly situated employees' jobs in that they received instructions and information necessary to perform their jobs.

19.     The pre-shift meetings were unpaid compensable work.

20.     Defendant's failure to pay Representative Plaintiff and similarly situated employees for at least seven minutes of the pre-shift meeting resulted in unpaid overtime in violation of the FLSA and Ohio law.

21.     Defendant knowingly and willfully failed to pay Representative Plaintiff and other

3

similarly situated employees for at least seven minutes of the pre-shift meetings.

## COLLECTIVE ACTION ALLEGATIONS

22.     Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23.     Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former non-exempt hourly laborers employed by Defendant within the three years preceding the filing of this Complaint to the present who were required to attend pre-shift meetings and who worked 40 or more hours, not including unpaid time spent at pre-shift meetings.**

24.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees and all were subjected to and injured by Defendant's unlawful practice of failing to pay its non-exempt hourly laborers for the first seven minutes of work each work day resulting in unpaid overtime. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

25.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

26.     The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

27.     Representative Plaintiff incorporates by reference the foregoing allegations as if

4

fully  rewritten herein.

28.     Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23  on behalf of himself and  others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class").  The Ohio Class is defined as:

> **All current and former non-exempt hourly laborers employed by Defendant within the two years preceding the filing of this Complaint to the present who were required to attend pre-shift meetings and who worked 40 or more hours, not including unpaid time spent at pre-shift meetings.**

29.     The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class  members as well as their identities are ascertainable from the payroll records  Defendant has maintained, and was required to maintain, pursuant to the FLSA and  Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

30.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendant have a policy or practice of failing to pay its hourly non-exempt  laborers for the first  seven minutes of work performed each workday?

> Did Defendant  fail to pay Representative  Plaintiff and other Ohio Class members all the overtime pay they were owed?

31.     Representative Plaintiff's claims are typical of the claims of other members of the Ohio  Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other class members.

32.     Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class.  Representative  Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of  other class members. Representative Plaintiff's counsel has broad experience in handling class action  litigation, including wage-and-hour litigation, and is fully qualified to prosecute  the  claims of the Ohio Class in this case.

5

33.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class and predominate over any questions affecting only individual class members.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

35.     Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36.     Representative Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

37.     The FLSA required that Defendant's non-exempt hourly laborers receive overtime compensation when they worked in excess of 40 hours in a workweek.

38.     As hourly non-exempt laborers, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

39.     Defendant failed to pay the required overtime compensation to Representative

Plaintiff and the FLSA Collective Members.

40.     At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

41.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

42.     As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

43.     Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44.     Representative Plaintiff and other similarly situated employees were not paid for seven minutes of work time each day for attending a pre-shift meeting.

45.     Representative Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

46.     Defendant's practice and policy of not paying Representative Plaintiff and other similarly situated employees for seven minutes of work time each day for attending a pre-shift meeting resulted in Defendant's failure to pay Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

47.    As a result of Defendant's practices, Representative Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**Failure to Pay Wages on a Semimonthly Basis**

48.    Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.    Ohio Revised Code § 4113.15(A) requires that Defendant pay Representative Plaintiff and the Ohio Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

50.    Representative Plaintiff and the Ohio Class members' unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of Ohio Revised Code § 4113.15(A).

51.    Representative Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio Revised Code § 4113.15(A).

**PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, on behalf of himself and all persons similarly situated, pray that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

D.      Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

E.      Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*

*Counsel for Representative Plaintiff*